UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 10-20388-03

v.

SHAWN SMITH

_____/

## **DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142( f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.　Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>XX</u>　(1)　The Government moved for detention a Defendant's first appearance pursuant to:

　　　<u>XX</u>　18 U.S.C. § 3142(f)(1).

　　　__　18 U.S.C. § 3142(f)(2).

__　(2)　A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.　Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__　(1)　Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__　(2)　The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

- (3) A period of less than five years has elapsed since

    - the date of conviction, **or**

    - Defendant's release from prison for the offense described in finding (B)(1).

- (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

C. **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

- XX    for which a maximum prison term of ten    years or more is prescribed in the Controlled Substances Act[1], **or**

- under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

- listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

- listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

- involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

- the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

D. **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

- (1) There is a serious risk that Defendant will not appear.

- (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

XX    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

__    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(I):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, including powder cocaine, crack cocaine and heroin. I find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 35 years of age, the father of four and a lifelong resident of Genesee County, Michigan. Defendant reported to Pretrial Services that he lived at an address which was his father's for the past 11 years. However, the Government proffers the results of a search, as well as wiretap information, which indicate that for some time Defendant has resided at an address on Gloucester Street in Flint. This evidence appears at

least in part corroborated by contact by Pretrial Services with Defendant's father, who stated that his son resides with his girlfriend and only occasionally stays at the father's residence. Defendant has worked sporadically as a carpenter for his father who is the owner of a construction and home improvement business. Defendant conceded to Pretrial Services that he uses marijuana on a daily basis and has done so for the last 10 years.

In 1990, Defendant pled guilty to felony criminal sexual conduct second-degree involving personal injury. Defendant was initially paroled in 1999, but that parole was violated as a result of new criminal charges. Defendant was subsequently paroled again in 2003 and ultimately discharged from parole in 2005. Those new charges arose in June 2000, when Defendant was charged with controlled substances violations, specifically, possession with intent to distribute less than 50 grams. Defendant pled guilty to this charge and was sentenced to 23 to 240 days' custody. In 2009, Defendant also pled guilty to operating a motor vehicle without a license.

The Government proffers the existence of a wiretap which has for some time monitored Defendant's telephone conversations, and points specifically to one conversation in which Defendant instructs another person where and how to find a quantity of cocaine, how to weigh the cocaine, and admonishes the person to whom he is speaking not to touch a quantity of heroin located nearby. In support of the Government's proffer relating to the Gloucester Street address, Exhibit 1 proffered by the Government shows photographs taken during the execution of a search warrant at this address. The photos show bags of a powdery substance, which were, according to the Government, field tested positive for controlled substances, as well as photographs of handguns and a long gun.

Defense counsel proffers that Defendant should be released on bond with conditions to include a tether and third-party custody with his father. Because Defendant's father is 70 years of age, I conclude that, in spite of whatever level of support he would wish to provide, he is an inappropriate candidate under the circumstances to be a third-party custodian. I note further that

as stated in the Pretrial Services report, Defendant is a registered sex offender. Review of Michigan's sex offender registry, however, confirms that Defendant's registry is at the address of his father, the very address at which Defendant's father says he does not live, and does not even visit except on an occasion basis.

As I weigh all these facts under the standards set forth in the Bail Reform Act, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented. I further conclude that even if it had, there are no conditions, nor any combination of conditions, which I believe would reasonably assure the safety of the community. Accordingly, the Government's motion to detain is granted.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: July 9, 2010         United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Craig Wininger and Elias Escobedo, and served on District Judge Cox, Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: July 9, 2010                      By     *s/Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder