UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-3 SHAWN RENARD SMITH,

    Defendant.
_____/

Case No. 10-cr-20388
Hon. Mark A. Goldsmith

# OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO PROCESS NOTICE OF APPEAL (Dkt. 771)

On August 18, 2017, this Court issued an Opinion and Order denying Defendant Shawn Renard Smith's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 749). On February 27, 2018, Smith filed the instant motion to process notice of appeal (Dkt. 771), where he claims that he timely filed a notice of appeal of the Court's August 18, 2017 Order, but that this notice of appeal was not docketed by the Court. He asks that the Court now vacate and reenter its judgment denying the § 2255 motion so that Smith may file anew a notice of appeal. After briefing on the motion was complete, the Court ordered supplemental briefing regarding the Court's jurisdiction to grant Smith's requested relief. 7/6/2018 Order (Dkt. 777); 10/17/2018 Order (Dkt. 787). The Court concludes that it does not have jurisdiction to grant Smith's request and, therefore, denies his motion.

### I. BACKGROUND

A notice of appeal from denial of a § 2255 motion must be filed within sixty days after entry of the order being appealed. See Fed. R. App. P. 4(a)(1)(B). Thus, Smith's notice of appeal needed to be filed by October 17, 2017. However, pursuant to the prison mailbox rule, "a pro se

1

prisoner's notice of appeal is deemed 'filed at the time [pro se prisoner] delivered it to the prison authorities for forwarding to the court clerk.'" U.S. v. Smotherman, 838 F.3d 736, 737 (6th Cir. 2016) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)) (alterations in Smotherman). "If a prison maintains two internal mail systems, one for regular mail and another for legal mail, the prisoner gains the benefit of the mailbox rule only if he deposits his notice of appeal in the 'system designed for legal mail.'" Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) (quoting Fed. R. App. P. 4(c)(1)). Smith claims that he deposited a notice of appeal in the internal mail system at Federal Correctional Institution ("FCI") Elkton, where he is imprisoned, on October 13, 2017. Def. Mot. at 2. He also claims to have mailed correspondence to the Clerk of the Court on three occasions since then, inquiring as to the status of his case. Id. at 2-3. However, none of these filings was received by the Clerk.

Smith concedes that FCI Elkton has a legal mail system, and that he did not use the legal mail system to mail his notice of appeal on October 13, 2017. However, he argues that the issue "is not simply whether FCI Elkton has a legal mail system, but whether that system was readily accessible to Mr. Smith." Def. Reply at 2 (Dkt. 774). He states that the "procedures for processing legal mail at FCI Elkton interfered with his attempt to access legal mail" and that the circumstances in his case "left him no alternative but to use the regual [sic] institutional mailing system." Id. at 4.

The circumstances appear to be that, during the week of October 8, 2017, Smith's housing unit was last on meal rotation. The mailroom closes at 6:30 a.m., and his housing unit was not released for breakfast until after the mailroom closed. Smith would be required to forego breakfast

in order to make it to the mailroom before it closed. Id.[1] In a footnote, Smith also mentions that around the time he placed his notice of appeal in the internal mail system, prison officials believed that contraband was being introduced via legal mail, and "several instances of mishandling of mail w[ere] reported." Def. Resp. at 5 n.1. Due to these "impractical conditions," Smith deposited his notice of appeal in the institutional mail system.

## II. ANALYSIS

### A. Jurisdiction

Smith claims that this Court has authority to vacate its judgment pursuant to Bowles v. Russell, 551 U.S. 205 (2007). Def. Mot. at 3. The Court in Bowles explained that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," 551 U.S. at 214, and that courts lack power to create equitable exceptions. It held that the district court had no authority to extend the deadline to file a notice of appeal beyond the fourteen days provided by statute. Bowles did not state that a court may vacate its judgment when a party claims to have timely filed a notice of appeal that was not received by the district court.

The Court does have limited authority to vacate its judgment. But Smith provides no authority that would permit the Court to do so in this circumstance. The Court may to correct a "clerical mistake or a mistake arising from oversight or omission" in the judgment pursuant to Federal Rule of Civil Procedure 60(a), but that is not the case here. And while Rule 60(b) permits the Court to relieve a party from judgment for a variety of reasons, including "any other reason

---

[1] Smith also mentions that "his attempt to send out his NOA earlier that week was unsuccessful as the mailroom refused to process it, even thought [sic] he explained his housing was not released for breakfast until after the mailroom closed at 6:30 a.m." Def. Reply at 4. It is not clear why the mailroom refused to process Smith's notice of appeal, but without further explanation from Smith, it appears that this was because Smith did not appear at the appropriate time for processing legal mail (6:15 a.m. to 6:30 a.m.).

that justifies relief," Fed. R. Civ. P. 60(b)(6), a party cannot use Rule 60(b) to circumvent the requirement of a timely filing of a notice of appeal. See Hall v. Scutt, 482 F. App'x 990, 990 (6th Cir. 2012); In re Sealed Case (Bowles), 624 F.3d 482, 486 (D.C. Cir. 2010) (rejecting the idea "that a court could vacate and reinstate a judgment pursuant to Rule 60(b) because of 'unique circumstances' in order to allow a party to appeal where Appellate Rule 4(a)(6) would otherwise withhold appellate jurisdiction").

Of course, Smith does not contend that he is now trying to file a timely appeal; he claims that he has already done so. Smith essentially asks this Court to determine whether his notice of appeal was timely filed. But this is a decision typically left to the appellate court, not the district court. Further, if Smith's notice was timely, as he argues, the Court of Appeals has exclusive jurisdiction over his claims, as the filing of a notice of appeal divests the district court of jurisdiction. See, e.g., Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985).

Finally, although Smith does not ask the Court to extend the deadline for him to file a notice of appeal, it is worth noting that a district court is limited in this respect, as well. The Federal Rules of Appellate Procedure provide that, when a party does not receive proper notice of a judgment, the district court may reopen the time to file an appeal if a motion to reopen is filed within 180 days after the judgment is entered, or within fourteen days after the party receives notice, whichever is earlier. Fed. R. App. P. 4(a)(6). This Rule provides no relief to Smith, as he does not contend that he failed to receive notice of the judgment.

The Court finds no authority that would permit it to vacate and re-enter its judgment and, as such, Smith's motion is denied. Out of an abundance of caution, however, the Court will address Smith's motion on its merits.

**B. Application of the Prison Mailbox Rule**

Even if the Court were able to vacate its judgment – or simply determine that Smith timely filed his notice of appeal – the Court would find that Smith's alleged notice of appeal was not timely filed. As stated above, a prisoner must use the <u>legal</u> mail system in order to obtain the benefit of the prison mailbox rule. Fed. R. App. P. 4(c)(1) ("If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1)."). Smith admits that he did not use the legal mail system, but claims that the circumstances of his case warrant an exception to the rule.

The Government has submitted an affidavit from Kristy Cole, the Case Management Coordinator at FCI Elkton, disputing Smith's claim that his unit's meal rotation would have prevented him from accessing the mail room. Cole stated that the mailroom "is open for outgoing Special Mail during the time the Food Services department serves inmate breakfast. . . . The sequential release of inmate housing units should not interfere with an inmate's access to the Mailroom to send Special Mail." Decl. of Kristy Cole, Ex. A to Gov't Sur-Reply, ¶ 5 (Dkt. 785-1). Smith disputes her affidavit, saying that she does not supervise the Food Service Department, and thus does not know the realities of prisoners' access to the mailroom during breakfast time. <u>See</u> Def. Supp. Br. at 3 (Dkt. 786). He contends that, as a diabetic, he needed to receive insulin, eat his breakfast, and arrive at the mailroom before it closed, which was impossible for him during the week of October 8, 2017. <u>Id.</u> at 4.

Smith argues that under <u>Smotherman</u>, he needed only to file a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement in order to satisfy the mailbox rule. Def. Reply at 4-5. But the court in <u>Smotherman</u> addressed the version of Rule 4(c)(1) prior to the 2016 amendments, and concluded only that "the requirements of 'a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement' are applied only to prisoners without access to a prison

5

mail system," Smotherman, 838 F.3d at 738 (citation omitted); that is, under the prior version of the Rule, a prisoner who had access to a legal mail system was <u>not</u> subject to the above requirements. The court did not speak to whether a prisoner who did not use a legal mail system despite having access to one could allege difficulty in accessing this system in order to still receive the benefits of the mailbox rule.

Smith also points to a statement in United States v. Leonard, 937 F.2d 494, 494 (10th Cir. 1991), that the appellate court had previously "remanded for a determination whether prison officials or procedures interfered in any way with his attempts to file." He also notes that the court in Miller v. Sumner, 921 F.2d 202, 203 n.1 (9th Cir. 1990), in dismissing a prisoner's appeal because he did not use the legal mail system, observed that there was "no evidence that . . . the [prison] authorities would have refused to accept and mail [the notice] for him had he attempted it. Nor is there evidence that the mailbox was the only means available to him for sending his notice of appeal to the district court."

While these cases suggest that there are circumstances where interference with a prisoner's attempt to use the legal mail system would excuse an untimely filing, the Court does not find that the inconveniences Smith faced here warrant excusing his failure to use the legal mail system. Even if Smith were correct that he would have had to forego breakfast one morning during the week of October 8, 2017 in order to mail his notice of appeal, Smith does not explain why he did not simply use the legal mail system to send in his notice of appeal the <u>following</u> week, which would still meet the October 17, 2017 deadline.[2] He notes in his supplemental brief the

---

[2] Smith states that these impractical conditions regarding the mailroom hours "still exist[]," Def. Reply at 4, but also appears to have used the legal mail system in making his most recent filings, see id. at 5 n.1.

6

"uncertainty of waiting until the following week," Def. Supp. Br. at 6, but does not explain why he was in any way prevented from accessing the mail system at that time.

Because Smith's facility had a legal mail system, Smith was required to use that system in order to receive the benefit of the prison mailbox rule. Fed. R. App. P. 4(c)(1). He did not do so, and he therefore did not timely file a notice of appeal. The Court denies his request to vacate the August 18, 2017 judgment and issue a new judgment.

## III. CONCLUSION

For the reasons presented, Defendant Shawn Renard Smith's motion to process notice of appeal (Dkt. 771) is denied.

SO ORDERED.

Dated: April 2, 2019  　　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan  　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2019.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

Smith's claim that "several instances of mishandling of mail" were reported in the legal mail system does also not excuse his failure to use the legal mail system. Using the system would have satisfied the requirement of the mailbox rule, and Smith's notice of appeal would have been deemed filed as of the date of delivery to the prison authorities regardless of any subsequent mishandling of the mail by the prison authorities. Indeed, the Court in Houston found the prison mailbox rule necessary because of prisoners' lack of control over the mailing once it was delivered to the authorities. 487 U.S. at 270-271.