UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHAWN RENARD SMITH,

    Defendant.
_____/

Case No. 10-20388
Hon. Mark A. Goldsmith

**OPINION**
**SETTING FORTH THE REASONS FOR DENYING DEFENDANT SHAWN RENARD SMITH'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 839)**

The Court denied Defendant Shawn Renard Smith's motion for compassionate release on October 26, 2020 (Dkt. 865). The Court is entering this Opinion to set forth its findings and analysis in support of that order.

A jury found Smith guilty of multiple drug and weapons charges. See Judgement (Dkt. 569). The Court sentenced him to 25 years' imprisonment on September 10, 2012. Id. Smith has a projected release date of November 27, 2031. Smith sought compassionate release under the First Step Act because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Smith's motion.

### I. LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, ---F.3d---, 2020 WL 6268582, at *3 (6th Cir. Oct. 26, 2020). Under 18

U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D). "Beyond the extraordinary-and-compelling-reasons requirement, this policy statement also requires a district court to find that 'the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'" Ruffin, 2020 WL 6268582, at *4 (quoting U.S.S.G. 1B1.13(2)-(3)).

## II.    ANALYSIS

The Government conceded that Smith's medical conditions place him at a heightened risk for the more severe symptoms of COVID-19. Resp. at 14 (Dkt. 849). Therefore, it did not dispute that Smith's medical conditions are extraordinary and compelling reasons justifying his early release under the Sentencing Guidelines. However, it argued that Smith remained a danger to the community, which prohibited his release under the Sentencing Guidelines and the § 3553(a) factors. The Court agreed.

Before granting a sentence reduction under the First Step Act, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to protect the public from further crimes by the defendant. And the Court must consider whether the defendant is a danger to "the safety of any other person or to the community." 18 U.S.C. § 3142(g).

Smith remains a danger to the community. A jury convicted Smith of being an armed drug trafficker, for which he has served less than half of his custodial sentence. Smith was convicted previously of criminal sexual conduct in the second degree for forcibly raping a 17-year-old girl. Sentencing Tr. at PageID.5516 (Dkt. 602). He served seven years; was paroled; and, within a year, was returned to prison for three years on a parole violation based on a new conviction for dealing drugs. Smith was released from prison in 2003. Four years from his release, Smith returned to drug dealing. Id. Additionally, the Government represents that Smith, while incarcerated, has been sanctioned for possessing drugs or alcohol, and twice for possessing unauthorized items. Resp. at 18. Smith does not dispute the Government's representation.

The § 3553(a) factors did not favor Reed's release, and his release would not be consistent with the Sentencing Guidelines' restriction on releasing defendants who pose a threat to the community.

### III. CONCLUSION

For the reasons stated above, the Court denied Smith's motion for compassionate release (Dkt. 839).

Dated: November 19, 2020         s/Mark A. Goldsmith
    Detroit, Michigan                MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2020.

                                                       s/Karri Sandusky
                                                       Case Manager