UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 10-cr-20388

v.                                          HON. MARK A. GOLDSMITH

D-3 SHAWN RENARD SMITH,

       Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION (Dkt. 921)**

Defendant Shawn Smith is currently incarcerated at the federal correctional institution in Fort Dix, New Jersey. Following a jury trial, Smith was convicted for five offenses: (i) conspiracy to distribute and possess with intent to distribute controlled substances, (ii) possession with intent to distribute cocaine, (iii) possession with intent to distribute heroin, (iv) felon in possession of firearms, and (v) possession of a firearm in furtherance of a drug trafficking crime. Judgment (Dkt. 569). The Court sentenced him to 240 months' imprisonment for the first three offenses, 120 months' imprisonment for the fourth offense, and 60 months' imprisonment for the fifth offense, with the sentences for the first four offenses running concurrently with one another and the sentence for the fifth offense running consecutively to the others. Id. at 3. Smith has served approximately 18 years of his 25-year sentence.

Smith has prior filed three motions for compassionate release in this case, filed in June 2020 (Dkt. 839), May 2021 (Dkt. 891), and September 2022 (Dkt. 912). All three were denied by this Court. See 9/24/2020 Order (Dkt. 865); 11/19/20 Op. & Order (Dkt. 874); 7/21/21 Op. & Order (Dkt. 898); 4/5/24 Op. & Order (Dkt. 935).

Before the Court is a motion Smith filed titled "motion to amend Garland orders to end sentencing disparities between crack-cocaine and powder-cocaine, to his compassionate release motion under (Dkt. 912) and additional department policies regarding charges, pleas, and sentence[ing] in drug cases." Mot. at PageID.921 (Dkt. 921). This motion appears to be an attempt to amend the motion for compassionate release that he had filed in September 2022, which the Court has already denied.

The Court will construe this motion as a fourth motion for compassionate release based on the Attorney General's Memorandum on Charging, Pleas, and Sentencing in Drug Cases that was issued in December 2022. Memorandum from the Attorney General to all Federal Prosecutors (Dec. 16, 2022), available at https://www.justice.gov/d9/2022-12/attorney_general_memorandum_-_general_department_policies_regarding_charging_pleas_and_sentencing.pdf. This policy memo advised prosecutors not to charge a drug crime triggering a mandatory minimum if the case meets certain criteria, as well as to take steps to promote equivalent treatment of crack and powder cocaine offenses. See id.; United States v. Sterling, No. 2:05-cr-20061, 2023 WL 2804902, at *3 (W.D. La. Apr. 4, 2023).

As many district courts have recognized, this internal policy memo, which does not have the force of law, does not constitute an extraordinary and compelling circumstance for purposes of evaluating a motion for compassionate release. See, e.g. United States v. Hickson, No. 13-cr-24, 2024 WL 2177631, at *5 (M.D. Ga. Mar. 6, 2024) (finding that the memo did not constitute an extraordinary or compelling circumstance for purposes of compassionate release because it does not constitute a change in law); Sterling, 2023 WL 2804902, at *3 (finding that the memo did not constitute an extraordinary and compelling circumstance because it was "an internal policy document for the Department of Justice" that "[did] not reflect a change to current law"); United States v. Ozen,

No. 1:14-cr-118, 2023 WL 4467160, at *4 (E.D. Tex. July 11, 2023) ("[T]he Court is guided by the statute passed by Congress and the Sentencing Guidelines, both of which recognize a distinction between crack cocaine and powder cocaine.  The Court therefore finds that the change in DOJ internal policy does not constitute an extraordinary and compelling reason for a reduction.").

Further, as explained by the Government in its response brief, see Resp. at PageID.13660 (Dkt. 937), Smith has failed to show how his sentence would be altered under the memo.  This also cuts against a finding of an extraordinary and compelling circumstance justifying compassionate release.  See United States v. Van Doan, No. 14-cr-225, 2023 WL 6998179 (S.D. Cal. Oct. 23, 2023) (noting, in finding that the memo did not constitute an extraordinary and compelling circumstance, that it was "not clear that [the defendant] would have benefitted from this policy change had it been in effect at the time of his indictment, or when he was subsequently charged").

Finally, as detailed in this Court's prior opinions, Smith's release is not justified under the 18 U.S.C. § 3553(a) sentencing factors.  See 7/21/21 Op. & Order at 5–8.

Smith's motion (Dkt. 921) is denied.

SO ORDERED.

Dated: February 11, 2025               s/Mark A. Goldsmith
       Detroit, Michigan               MARK A. GOLDSMITH
                                       United States District Judge

3